UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES – GENERAL

Case No.  **CV 16-07087 FMO (AFMx)**                                   Date: September 28, 2016

Title    **Serritta Daniel v. Carl Simmons, Earl Roberts, Gabriel Hamilton, John Doe and Does 1 to 10**

Present: The Honorable:  FERNANDO M. OLGUIN, U.S. DISTRICT JUDGE

| Vanessa Figueroa | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:  (In Chambers)**     **ORDER REMANDING MATTER TO STATE COURT**

On June 3, 2016, Serritta Daniel, sole successor trustee of the Carrie Simmons Trust after Carrie R. Simmons passed away on June 15, 2015 ("Plaintiff") instituted unlawful detainer proceedings against Carl Simmons, Earl Roberts, Gabriel Hamilton, John Doe and Does 1 to 10 ("Defendants") in state court.  Defendants have allegedly continued in unlawful possession of the property located at 9017 7th Street, Inglewood, California (the "Property").  Defendants were served with a 30-day notice to quit and to date have remained in possession of the Property.  Plaintiff estimates the fair rental value of the Property as $20.00 per day.  Plaintiff filed an unlawful detainer complaint in state court after Defendants failed to comply with the notice to quit.  Defendant John Turner removed the action to this Court on September 21, 2016.  Defendant asserts federal question jurisdiction in this Court.  Diversity jurisdiction is not alleged

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  *See, e.g., Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  It is this Court's duty to always examine its own subject matter jurisdiction, *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006), and the Court may remand a case summarily if there is an obvious jurisdictional issue.  *Cf. Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction.") (omitting internal citations).  A defendant attempting to remove an action from state to federal court bears the burden of proving that jurisdiction exists.  *See Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986).  Further a "strong presumption" against removal jurisdiction exists.  *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  **CV 16-07087 FMO (AFMx)**                                           Date: September 28, 2016

Title        **Serritta Daniel v. Carl Simmons, Earl Roberts, Gabriel Hamilton, John Doe and Does 1 to 10**

Subject matter jurisdiction exists over civil actions "arising under" federal law.  28 U.S.C. § 1331.  A claim arises under federal law "when a federal question is presented on the face of plaintiff's properly pleaded complaint."  *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Plaintiff's Complaint herein contains two causes of action for unlawful detainer, a state law claim.  There is no federal question jurisdiction even if there is a federal defense to the claims or a counterclaim arising under federal law.  *See Caterpillar, Inc.*, 482 U.S. at 392-93.  This is a simple state law unlawful detainer case, and there is no federal question presented on the face of Plaintiff's Complaint.

Moreover, the notice of removal has not alleged diversity jurisdiction, and it is clear from the face of the Complaint that no diversity jurisdiction exists under 28 U.S.C. § 1332.  The amount demanded on the face of the Complaint is alleged not to exceed $10,000 − well below the statutory threshold of $75,000.  The Complaint specifically asserts a claim for ongoing damages at a rate of $20.00 per day.  Defendant has made no plausible allegations showing how those damages would exceed $75,000.

The Court thus REMANDS the action to state court forthwith and orders the Court Clerk promptly to serve this order on all parties who have appeared in this action.

cc:  Pro Se Defendant

|  | 00:00 |
|---|---|
| **Initials of Preparer** | vdr |